IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30199
Summary Calendar

TUAN TRUNG LE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; IMMIGRATION
AND NATURALIZATION SERVICE; EXECUTIVE
OFFICE OF IMMIGRATION REVIEW; U.S.
BUREAU OF PRISONS; JANET RENO, United
States Attorney General; DORIS MEISSNER,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-341)
- - - - - - - - - -
February 10, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Tuan Trung Le appeals the district court's decision granting in part and denying in part his petition for habeas corpus relief under 28 U.S.C. § 2241 and the district court's denial of his petition for a writ of mandamus to compel the Immigration and Naturalization Service (INS) to grant him a bond hearing. To the extent that Le appeals from the decision on his §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2241 petition, his appeal is untimely and is dismissed. FED. R. APP. P. 4(a)(1).

Le's appeal from the denial of his petition for writ of mandamus was timely. Le argues that the district court abused its discretion by not compelling the INS to conduct a bond hearing regarding his continued detention pending deportation, as was ordered in the district court's decision on his § 2241 petition. Mandamus may issue only when (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other available remedy. Smith v. North La. Med. Review Ass'n, 735 F.2d 168, 172 (5th Cir. 1984). Because Le has not made the requisite showing to obtain a writ of mandamus, 28 U.S.C. § 1361, the district court did not err in denying relief.

DISMISSED in part, AFFIRMED in part.